

|  |  |  |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY  10007 | **MATTHEW WEIR**<br>*Assistant Corporation Counsel*<br>(212) 676-1347<br>(212) 788-9776 (fax)<br>mweir@law.nyc.gov |

April 20, 2011

**BY E.C.F.**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Thomas Vercetti v. City of New York, et al.</u>
               11 CV 1473 (BMC)

Your Honor:

      I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter.  Defendant respectfully requests that its time to respond to the complaint in this action be extended for forty-five days, from April 20, 2011, to June 6, 2011.[1] In addition, and in light of the fact that N.Y. C.P.L. § 160.50 unsealing releases were just today received from plaintiffs, defendant respectfully requests that the initial conference scheduled for May 9, 2011, at 5:00 p.m., be adjourned to a date and time convenient to the Court after issue has been joined. Plaintiff's counsel consents to these requests.

      A decision concerning this office's representation of defendants Mario Cedillo, Robert Critelli, Jon Kenny, Eulogio Peguero and Joe Pulgarin has not yet been made and, accordingly, this request for an extension is not made on their behalf.  However, given the time involved in determining the representation of police officers, and in the interest of judicial economy, if he has been properly served, we would hope that the Court may, *sua sponte*, extend the time to answer on behalf of all of the defendants.

      Plaintiffs allege that on January 12, 2009, they were falsely arrested and charged with theft of services by New York City police officers.  Plaintiffs claim that, as they approached the B46 bus in Brooklyn, they were stopped and arrested, and that officers thereafter falsified reports stating that they had entered the bus without paying their fares.  Plaintiffs claim that their criminal charges were ultimately tried and that they were each acquitted.

---

[1] Defendant apologizes for the lateness of this request, precipitated by counsel's recent absence from the office.

There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, as plaintiffs allege that they were acquitted of their criminal charges, all records associated with the incident alleged in the complaint would be sealed pursuant New York Criminal Procedure Law § 160.50. While the Court's Order of March 28, 2011, required that such releases be executed and served upon defendant City with a copy of the summons and complaint, this office has just today received these releases via electronic mail. As such, pursuant to these releases, this office needs time to request the relevant police, criminal court and District Attorney records associated with plaintiffs' underlying arrests and prosecutions.

Further, assuming plaintiff effects timely service on the individually named defendants, Mario Cedillo, Robert Critelli, Jon Kenny, Eulogio Peguero and Joe Pulgarin, the enlargement will also allow this office time to determine, pursuant to Section 50-k of the New York General Municipal Law and based on the facts of the case, whether we can represent them. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

With respect to defendant's request for an adjournment of the Initial Conference scheduled for May 9, 2011, at 5:00 p.m., defendant notes that, since unsealing releases were not received until today, additional time is needed for this office to gather the relevant documents so that I may be able to meaningfully discuss this matter at the initial conference, as well as present defendant's position in the parties' joint letter in advance of the conference.

No previous request for an extension or adjournment has been made by defendant in this action. Accordingly, defendant respectfully requests that its time to respond to the complaint be extended until June 6, 2011, and that the initial conference currently scheduled for May 9, 2011, at 5:00 p.m., be adjourned to a date and time convenient to the Court after issue has been joined.

I thank the Court for its time and consideration of these requests.

Respectfully submitted,

/s/

Matthew Weir
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Darius Wadia, Esq., attorney for plaintiff (by E.C.F.)