UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

HAILE DABREO, GARRY COUNCIL AND ROY MCMILLAN,

                              Plaintiff,

-against-

THE CITY OF NEW YORK, Mario Cedillo, in his individual capacity; Robert Critelli, in his individual capacity; Jon Kenny, in his individual capacity; Eulogio Peguero, in his individual capacity; and Joe Pulgarin, in his individual capacity,

                              Defendants.
------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL**

11 CV 1473 (BMC)

        **WHEREAS,** plaintiffs commenced this action by filing a complaint in the Eastern District of New York on or about March 25, 2011, alleging that the defendants violated plaintiff's federal civil and state common law rights; and

        **WHEREAS,** defendants have denied any and all liability arising out of plaintiff's allegations; and

        **WHEREAS,** the parties now desire to resolve the issues raised in this litigation, without further proceedings and without admitting any fault or liability;

        **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

        1.    The above-referenced action is hereby dismissed against the City defendants, with prejudice, and without costs, expenses, or attorneys' fees in excess of the amount specified in paragraph "2" below.

2. The City of New York hereby agrees to pay plaintiff Haile Dabreo the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000), plaintiff Garry Council the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000), and plaintiff Roy McMillan the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000) in full satisfaction of all of plaintiffs' claims against the City defendants, including their claims for costs, expenses, and attorneys' fees. In consideration for the payment of this sum, plaintiffs each agree to dismissal with prejudice of all the claims against the defendants the City of New York, Mario Cedillo, Robert Critelli, Jon Kenny, Eulogio Peguero and Joe Pulgarin, and to release all of the City defendants and any present or former employees and agents of the City of New York or any agency thereof, including, but not limited to, the New York City Police Department, from any and all liability, claims, or rights of action which were or could have been alleged in this action, including claims for costs, expenses, and attorneys' fees.

3. Plaintiffs shall each separately execute and deliver to the defendants' attorney all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraph 2 above and an Affidavit of Status of Liens. If Medicare has provided payment and/or benefits for any injury or condition that is the subject of this lawsuit, prior to tendering the requisite documents to effect this settlement, plaintiffs shall have notified Medicare and shall submit with the settlement documents a Medicare final demand letter for conditional payments. A Medicare Set-Aside Trust may also be required if future anticipated medical costs are found to be necessary pursuant to 42 U.S.C. §1395y(b) and 42 C.F.R. §§411.22 through 411.26.

4. Nothing contained herein shall be deemed to be an admission by the City defendants that they in any manner or way violated plaintiffs' rights, or the rights of any other

person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York. This stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

5. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or any agency thereof.

6. Plaintiffs agree to hold harmless the City of New York and defendants Mario Cedillo, Robert Critelli, Jon Kenny, Eulogio Peguero and Joe Pulgarin regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter. If conditional and/or future anticipated Medicare payments have not been satisfied, defendants reserve the right to issue a multiparty settlement check, naming Medicare as a payee or to issue a check to Medicare directly based upon Medicare's final demand letter.

3

7. This Stipulation and Order contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: Brooklyn, New York
_____, 2011

| | |
|---|---|
| Darius Wadia, Esq. | MICHAEL A. CARDOZO |
| Darius Wadia, L.L.C | Corporation Counsel of the |
| *Attorney for Plaintiffs* | City of New York |
| 233 Broadway, Suite 2208 | *Attorney for the Defendants* |
| New York, NY 10279 | 100 Church Street, Rm. 3-137 |
| (212)-233-1212 | New York, New York 10007 |
| | (212) 676-1347 |
| By: _____ | By: _____ |
| Darius Wadia, Esq | Matthew Weir |
| *Attorney for Plaintiffs* | *Assistant Corporation Counsel* |

SO ORDERED: 10/24/11

s/ BMC

_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

4